UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA M.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:19-CV-5673-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that new evidence submitted to the Appeals Council indicates that the Administrative Law Judge's ("ALJ") finding that Plaintiff's physical and mental impairments were successfully managed with conservative treatment is not supported by substantial evidence. The ALJ has not otherwise provided valid reasons for

discounting the opinion evidence or Plaintiff's testimony, and had the ALJ considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 18, 2016, Plaintiff filed an application for SSI, alleging a disability onset date of October 1, 2015. *See* Dkt. 11, Administrative Record ("AR") 14. Her application was denied upon initial administrative review and on reconsideration. AR 14, 119-22, 128-30. A hearing was held before ALJ Linda Thomasson on April 11, 2018. AR 35-66. In a decision dated July 31, 2018, the ALJ found that Plaintiff was not disabled. AR 11-29. The Social Security Appeals Council denied Plaintiff's request for review on May 21, 2019. AR 1-7. The ALJ's decision of July 31, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly assess the medical opinion evidence; and (2) failing to properly assess Plaintiff's symptom testimony. Dkt. 13, pp. 2-14.

Plaintiff also contends that additional evidence submitted after the ALJ rendered her decision undermines the ALJ's finding that Plaintiff was not disabled. *Id.* at 16-17.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.   Whether the ALJ erred in evaluating the medical opinion evidence.**

Plaintiff contends that the ALJ erred in evaluating medical opinions from examining psychologists David Morgan, Ph.D. and William Weiss, Ph.D., and non-examining state agency consultant psychologist John Wolfe, Ph.D. Dkt. 13, pp. 2-5, 8-9.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

**A.   Dr. Morgan.**

Dr. Morgan examined Plaintiff on August 23, 2016 for the Washington State Department of Social and Health Services ("DSHS"). AR 304-08. Dr. Morgan's evaluation consisted of a clinical interview, a mental status examination, and a review of the medical record. Based on this evaluation, Dr. Morgan opined that Plaintiff would have a range of moderate and marked

limitations in work-related mental functioning, and that the overall severity of Plaintiff's impairments was moderate. AR 306.

The ALJ assigned "some weight" to Dr. Morgan's opinion, reasoning that it was partially supported by the record, but that: (1) the marked limitations assessed by Dr. Morgan were inconsistent with the record; and (2) Dr. Morgan stated that Plaintiff's limitations would only last for 6 months. AR 25.

With respect to the ALJ's first reason, an inconsistency with the medical evidence may serve as a specific, legitimate reason for discounting limitations assessed by a physician. *See* 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the Social Security Administration] will give to that medical opinion."); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

Here, the ALJ reasoned that the marked limitations assessed by Dr. Morgan were inconsistent with largely normal psychological examination results. AR 25. The record available to the ALJ indicates that psychiatric examinations conducted during the period at issue generally revealed normal mood, appropriate affect, and intact judgment and insight; that Plaintiff's memory was intact, her attention and concentration were normal; and her thought content was logical and abstract reasoning was within normal limits. AR 25, 257, 262-63, 270, 273, 438, 449, 463, 472, 477, 487.

As for the ALJ's second reason, a specific, temporal restriction on an individual's limitations can serve as a specific, legitimate reason for rejecting limitations assessed by a physician. *See Autumn G. v. Commissioner of Social Security*, 2019 WL 3096091 at *2 (W.D. Wash. June 19, 2019) (affirming an ALJ's decision to discount a physician's opinion when the

physician stated that plaintiff's limitations would last for six months); *Hicks v. Colvin*, 2017 WL 243354, at *6 (W.D. Wash. Jan. 20, 2017) (affirming an ALJ's decision to discount a medical opinion where the physician opined the claimant "would be so impaired for only six months"); *Woeppel v. Colvin*, 2014 WL 868808, at *9 (W.D. Wash. Mar. 5, 2014) (finding an ALJ properly discounted a physician's opinion because the physician "did not identify any impairment that [was] ... expected to last for at least 12 months").

The ALJ's evaluation of the evidence available at the hearing level is supported by substantial evidence. However, new evidence submitted to the Appeals Council indicates that Plaintiff continues to struggle with depression-related symptoms and that her medication is no longer effective at treating her symptoms. AR 85-88. Thus, while the ALJ's evaluation of the evidence available at the hearing level is supported by substantial evidence, the ALJ is directed to re-evaluate the opinion of Dr. Morgan on remand.

Here, the record contains two additional opinions concerning Plaintiff's mental limitations, state agency consultant Dr. Wolfe's opinion from November 2016, and examining psychologist Dr. Weiss' opinion from July 2017. For the reasons discussed below, the ALJ has not provided specific and legitimate reasons for discounting Dr. Weiss' opinion, which was rendered nearly a year after Dr. Morgan's and assessed Plaintiff as having ongoing moderate, marked, and severe mental limitations. *See infra* Section I.B; AR 386.

**B.     Dr. Weiss.**

Dr. Weiss examined Plaintiff on July 13, 2017 for DSHS. AR 384-88. Dr. Weiss' evaluation consisted of a clinical interview, a mental status examination, and a review of treatment notes. Based on this evaluation, Dr. Weiss opined that Plaintiff would have a range of

moderate, marked, and severe work-related mental limitations, and stated that Plaintiff's overall level of impairment was marked. AR 386.

The ALJ assigned "little weight" to Dr. Weiss' opinion, reasoning that the marked and severe limitations assessed by Dr. Weiss were: (1) inconsistent with the record, which indicates that Plaintiff received only conservative treatment for her mental health impairments; and (2) inconsistent with Plaintiff's ability to perform certain activities of daily living. AR 26.

An ALJ may reject a physician's opinion when it is inconsistent with the level of treatment received, such as when the Plaintiff receives only conservative treatment. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (holding that "evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment") (internal quotation marks and citation omitted).

Here, Plaintiff's mental health treatment consisted of therapy appointments and the medication Zoloft. AR 439. However, new evidence submitted to the Appeals Council indicates that Plaintiff continues to struggle with depression-related symptoms, and is no longer able to take anti-depressants because of the side effects and a lack of effectiveness. AR 85-88. Accordingly, the ALJ's finding that Plaintiff's condition could be effectively managed with conservative treatment is not supported by substantial evidence.

With respect to the ALJ's second reason for discounting Dr. Weiss' opinion, Plaintiff's participation in everyday activities which indicate capacities that are transferable to a work setting may constitute a specific and legitimate reason for discounting a medical opinion. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

However, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits); *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."), citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989).

Here, the ALJ reasoned that Dr. Weiss' opinion that Plaintiff would have marked mental limitations was inconsistent with Plaintiff's ability to care for her personal hygiene independently, prepare meals, perform household chores, shop for groceries as necessary, socialize with friends, watch television, and color in coloring books. AR 26. Without connecting these activities to typical work responsibilities, Plaintiff's ability to engage in these basic activities of daily living cannot serve as a specific and legitimate reason for discounting Dr. Weiss' opinion. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.").

**C.     Dr. Wolfe.**

Plaintiff contends that the ALJ erred in evaluating the opinion of non-examining state agency consultant Dr. Wolfe, and argues that Dr. Wolfe's opinion is in fact inconsistent with the findings and opinions of Dr. Morgan and Dr. Weiss. Dkt. 13, pp. 8-9. For the reasons discussed

above, the Court agrees that the ALJ's evaluation of Dr. Morgan and Dr. Weiss' opinions is not supported by substantial evidence, and the ALJ shall re-evaluate the opinion of Dr. Wolfe as appropriate on remand.

## II.   Whether the ALJ erred in evaluating Plaintiff's symptom testimony.

Plaintiff maintains that the ALJ erred in evaluating her testimony concerning her physical and mental impairments. Dkt. 13, pp. 9-14. In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

In discounting Plaintiff's testimony, the ALJ reasoned that: (1) Plaintiff's allegations of disabling physical symptoms were inconsistent with the medical record; (2) Plaintiff only received conservative treatment for her impairments; (3) Plaintiff's allegations were inconsistent with her ability to perform certain activities of daily living. AR 24-25.

With respect to the ALJ's first reason, an inconsistency with the objective evidence may serve as a clear and convincing reason for discounting plaintiff's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir.

1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

      Here, with respect to Plaintiff's physical impairments, the ALJ found that physical examinations conducted during the period at issue revealed that Plaintiff typically exhibited a normal gait, range of motion, and 5/5 muscle strength in her upper extremities; with respect to Plaintiff's respiratory impairment, Plaintiff's breathing was generally unlabored, an inspection of her chest was normal appearance with no retractions, and Plaintiff's breath sounds were normal without consolidation, rhonchi, wheeze, or crackles; and Plaintiff was consistently described as well-developed, well-nourished, and in no acute distress. AR 24, 255, 262-63, 273, 438, 449, 462-63, 471-72, 476-77, 487.

      The ALJ also found that Plaintiff's allegations concerning her physical impairments were inconsistent with diagnostic imaging conducted during the period at issue. AR 24. Specifically, the ALJ found that digital imaging of Plaintiff's chest revealed no active cardiopulmonary disease; digital imaging of Plaintiff's left shoulder revealed no bony abnormalities; digital imaging of Plaintiff's lumbar was normal; and digital imaging of Plaintiff's right shoulder revealed no acute fracture or malalignment. AR 24, 469, 491-93.

      The ALJ did not discuss the results of two x-rays of Plaintiff's cervical spine, and new evidence submitted to the Appeals Council indicates that Plaintiff's cervical impairment may have worsened. *See infra* Section III.

      As discussed above, the ALJ found that Plaintiff's testimony concerning her mental health symptoms was inconsistent with largely normal psychological examination results. *See supra* Section I.A; AR 25, 257, 262-63, 270, 273, 438, 449, 463, 472, 477, 487.

1    The ALJ also reasoned that Plaintiff's testimony concerning her physical and mental
2 impairments with inconsistent with the conservative treatment she received for these conditions.
3 AR 24. For the reasons discussed below, evidence received after the ALJ rendered her decision
4 indicates that the ALJ's conclusion that Plaintiff's physical and mental impairments were
5 successfully managed with conservative treatment is not supported by substantial evidence. *See*
6 *infra* Section III.
7    As for the ALJ's third reason, for the reasons discussed above in connection with Dr.
8 Weiss' opinion, Plaintiff's ability to engage in certain basic activities of daily living cannot serve
9 as a clear and convincing reason for discounting her testimony. *See supra* Section I.B.

10   **III.    Additional Evidence.**

11   The record contains evidence submitted by Plaintiff after the ALJ issued her decision. AR
12 67-88. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this
13 evidence, reasoning that it did not show a reasonable probability of changing the outcome. AR 2.
14   This Court must consider this additional material in determining whether the ALJ's
15 decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*,
16 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the
17 Appeals Council, which considers that evidence in denying review of the ALJ's decision, the
18 new evidence is part of the administrative which the district court must consider in determining
19 whether the Commissioner's decision is supported by substantial evidence).
20   The evidence in question consists of physical therapy and mental health treatment notes
21 from May 2018 through August 2018. The mental health treatment notes, from August 2018,
22 indicate that Plaintiff continues to complain of depression-related symptoms, and has stopped
23 using anti-depressants because of the side effects and because they were ineffective. AR 85-88.
24

The physical therapy notes indicate that Plaintiff continued to complain of neck pain, bilateral arm pain, and a tingling sensation in her hands. AR 69. Plaintiff stated that while she received some short-term relief from physical therapy, her pain always returns, and restricts her ability to perform activities of daily living. *Id.* Plaintiff stated that while she had achieved small improvements in mobility and strength after 12 physical therapy sessions, she continues to be limited by constant neck and shoulder pain with radicular symptoms. *Id.* Plaintiff also reported that she had tried over-the-counter nonsteroidal anti-inflammatory drugs ("NSAIDs") with little success, and stated that an ulnar nerve support brace on her wrist actually made her pain worse, and she continued to have difficulty gripping objects without dropping them. AR 71, 74. Plaintiff stated that her symptoms had improved by about 20 percent, and that she continues to have pain in her shoulder, neck and arms as well as tingling in her hands. AR 78, 81-84.

The new evidence also contains an MRI of Plaintiff's cervical spine conducted on August 1, 2018. AR 67-68. The MRI revealed mild canal narrowing at the C4-5 and C5-6 levels, moderate left neural foraminal narrowing at C4-5, and findings suspicious for an internal laryngocele. AR 68.

The record that was available to the ALJ contains two x-rays of Plaintiff's cervical spine, neither of which was discussed by the ALJ when evaluating Plaintiff's testimony. The first, dated February 8, 2016, revealed a decrease in the normal cervical lordosis, disc space narrowing at the C4-5 and C5-6 levels, and osteophytes projecting from the vertebral body margins at these levels. AR 260. The x-ray also revealed Grade I retrolisthesis of C4 on C5. *Id.*

The second MRI of Plaintiff's cervical spine, conducted on April 18, 2018, again revealed Grade I retrolisthesis of C4 on C5 and degenerative disc disease at the C4-5 and C5-6 levels. AR 494. The x-ray was otherwise normal. *Id.*

In light of this new material, the ALJ's finding that Plaintiff's physical and mental health impairments were successfully managed with conservative treatment is not supported by substantial evidence. The new evidence indicates that Plaintiff is unable to continue taking oral medication for her mental health impairments due to side effects and a lack of effectiveness. The evidence also indicates that Plaintiff's physical therapy regimen and other conservative measures have had limited success in managing her physical impairments. The new MRI of Plaintiff's cervical spine indicates that Plaintiff's neck impairment may have worsened.

The ALJ relied on the conservative treatment Plaintiff received for her physical and mental impairments to discount the opinions of Dr. Morgan, Dr. Weiss, and Plaintiff's symptom testimony. As discussed above, the ALJ has not otherwise provided valid reasons for discounting this evidence.

Accordingly, the ALJ's decision is not supported by substantial evidence for the period covered by this evidence, May 2018 through August 2018, and this new evidence may also impact the ALJ's assessment of earlier evidence.

**IV.     Remedy.**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12

| | |
|---|---|
| 1 | before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. |
| 2 | |

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined that the ALJ must evaluate the evidence submitted by the Plaintiff after the hearing. Because the ALJ's evaluation of this post-hearing evidence may impact her evaluation of the earlier evidence, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 20th day of April, 2020.

David W. Christel
United States Magistrate Judge